UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DENNIS GREENE, )
 )
    Plaintiff, )
 )
v. ) Civil Case No.:
 )
BLUE TANGERINE, LLC, )
 )
 )
    Defendant. )
_____/

## PLAINTIFF'S COMPLAINT WITH DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, DENNIS GREENE ("Plaintiff" or "Greene"), and files his Complaint against Defendant, BLUE TANGERINE, LLC ("Defendant" or "Blue Tangerine"), and in support he states the following:

### NATURE OF THE CLAIMS

1. This is an action for monetary damages, pursuant to Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 *et seq*. ("ADA") and the Florida Civil Rights Act of 1992, Fla. Stat. §§ 760.01 *et seq*. ("FCRA"), to redress Defendant's unlawful employment practices against Plaintiff including Defendant's unlawful discrimination and harassment against Plaintiff because of his disability leading to his unlawful termination.

1

## JURISDICTION AND VENUE

2. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's civil rights under the ADA.

3. This Court has supplemental jurisdiction over Plaintiff's related claims arising under state law pursuant to 28 U.S.C. §1367(a).

4. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) because a substantial part of the events or omissions giving rise to this action, including Defendant's unlawful employment practices alleged herein, occurred in this District.

## THE PARTIES

5. Plaintiff, Greene is a citizen of the United States, and is and was at all times material, a resident of the State of Florida, residing in Orange County, Florida.

6. Plaintiff worked remotely for Defendant at Plaintiff's residence located at 13031 Cordelia Lane, #103, Orlando, Florida 32824.

7. Defendant, Blue Tangerine, is a Florida Limited Liability Company with its principal place of business in Melbourne, Florida.

8. Defendant is an employer as defined by the laws under which this action is brought and employs the requisite number of employees.

## PROCEDURAL REQUIREMENTS

9. Plaintiff has complied with all statutory prerequisites to filing this action.

10. On March 25, 2020, Plaintiff timely dual-filed a claim with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR"), against Defendant, satisfying the requirements of 42 U.S.C. § 2000e-5(b) and (e), based on his disability.

11. Plaintiff's EEOC Charge was filed within three hundred days after the alleged unlawful employment practices.

12. On February 9, 2021, the EEOC issued to Plaintiff his Notice of Right to Sue. (Exhibit "A").

13. This Complaint was filed within ninety days following Plaintiff's receipt of the EEOC's Notice of Right to Sue.

## FACTUAL ALLEGATIONS

14. Plaintiff began his employment with Defendant on or about September 23, 2019. Prior to his unlawful termination, Plaintiff was working remotely for Defendant as a full-time Paid Search Specialist.

15. Plaintiff is a disabled male.

16. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

17. At all times relevant to this action Plaintiff was able to perform the essential functions of his job with or without accommodations.

18. Plaintiff suffered from diabetes, pancreas deep vein thrombosis, and had recently underwent a kidney-pancreas transplant, which is a physical condition that substantially limited his major life activities of walking, talking, and eating as flares could render Plaintiff completely incapacitated for days.

19. Defendant knew about Plaintiff's disability because Plaintiff informed Defendant during his training. Specifically, Plaintiff explained to Defendant that due to his disability, he is at risk for suffering severe, life-threatening complications that could render him incapacitated for days, further elaborating that should he suffer such an event, he would not be able to contact Defendant immediately, but would inform them as soon as he was able to.

20. Plaintiff requested the reasonable accommodation that Defendant understand if such an event due to his disability occurred, that Plaintiff was not abandoning his position, and for Defendant to permit him a grace period to inform Defendant of his hospitalization.

21. Defendant stated that Plaintiff would be accommodated and that his request would not be an issue.

22. To further substantiate that Defendant knew of Plaintiff's disability, on or about October 4, 2019, Plaintiff experienced a mild flare and was admitted to the hospital. Plaintiff informed Defendant that he was at the hospital and that he was able to do his work remotely. Defendant responded that Defendant was not worried about Plaintiff's work, further instructing Plaintiff to "hang in there, and just let us know what we can do to help."

23. On November 20, 2019, Plaintiff suffered from severe Diabetic Ketoacidosis, a life-threatening complication that can occur in people with diabetes and kidney complications, which was triggered by a viral infection. Plaintiff required emergency medical attention and was rushed to Select Specialty Hospital – Orlando South. Plaintiff was physically incapable of immediately informing Defendant about his hospitalization due to his disability and related complications, which is the exact scenario that Plaintiff previously discussed with Defendant.

24. Plaintiff was then transferred to the Florida Hospital for his recovery on or about November 23, 2019, however he was under the influence of intense painkillers that caused him to be delirious and experience hallucinations.

25. Plaintiff remained incapacitated and unable to contact Defendant until on or about November 25, 2019.

26. On or about November 25, 2019, Plaintiff continued to be under the influence of painkillers and still did not have full use of his hands; however, Plaintiff managed to email to Philip Mejia (Direct Supervisor) and Cabe Vinson (Director of Search Engine Marketing), stating that he had been in the hospital since Wednesday (November 20, 2019). Further, Plaintiff attempted to Skype call Mr. Mejia on November 25, 2019, and again on November 26, 2019, however Mr. Mejia did not respond.

27. On or about the evening of November 26, 2019, Defendant emailed Plaintiff stating that he was terminated under the pretext of performance and alleging that Defendant had been unable to communicate with Plaintiff.

28. Defendant never raised any issues or took any progressive disciplinary actions regarding Plaintiff's performance because Plaintiff did not have performance issues. Plaintiff excelled in his position, was recognized as being extremely efficient, had better task completion rates than his counterparts, and his efforts resulted in him being selected to complete special projects in addition to his daily job duties.

29. Defendant knew about the nature of Plaintiff's disability and possible emergency event that could render him incapacitated, yet Defendant failed to contact Plaintiff's emergency contacts.

30. Further, permitting Plaintiff to a short medical leave of just a few days, due to his disability that rendered him temporarily incapacitated, would have been a reasonable accommodation. Defendant failed to provide the accommodation it previously stated it would provide and failed to engage in the interactive process.

31. Plaintiff has been damaged by Defendant's illegal conduct.

32. Plaintiff has had to retain the services of undersigned counsel and has agreed to pay said counsel reasonable attorneys' fees.

## COUNT I: DISABILITY BASED DISCRIMINATION UNDER THE ADA

33. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-32 above.

34. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

35. Plaintiff was able to perform the essential functions of his job at the time of his unlawful termination.

36. Defendant is prohibited under the ADA from discriminating against Plaintiff because of his disability with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

37. Defendant violated the ADA by unlawfully terminating and discriminating against Plaintiff based on his disability.

38. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the ADA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

39. Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling him to punitive damages.

## COUNT II: FAILURE TO ACCOMMODATE UNDER THE ADA

40. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-32 above.

41. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

42. Plaintiff was able to perform the essential functions of his job at the time of his unlawful termination.

43. Defendant is required to engage in the interactive process and reasonably accommodate Plaintiff.

44. Defendant violated the ADA by failing to engage in the interactive process and reasonably accommodate Plaintiff.

45. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the ADA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

46. Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling him to punitive damages.

## COUNT III: HANDICAP BASED DISCRIMINATION IN VIOLATION OF THE FCRA

47. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1-32 above.

48. Plaintiff was a qualified individual with a handicap under the meaning of the FCRA.

49. Defendant is prohibited under the FCRA from discriminating against Plaintiff because of his handicap with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

50. Defendant violated the FCRA by unlawfully terminating and discriminating against Plaintiff based on his handicap.

51. Defendant intentionally discriminated against Plaintiff on the basis of his handicap.

52. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the FCRA, Plaintiff has suffered lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

53. Defendant's unlawful conduct in violation of the FCRA was outrageous, malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and or punitive damages.

## COUNT IV: FAILURE TO ACCOMMODATE IN VIOLATION OF THE FCRA

54. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-32 above.

55. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the FCRA. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

56. Plaintiff was able to perform the essential functions of his job at the time of his unlawful termination.

57. Defendant is required to engage in the interactive process and reasonably accommodate Plaintiff.

58. Defendant violated the FCRA by failing to engage in the interactive process and reasonably accommodate Plaintiff.

59. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of FCRA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

60. Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling him to punitive damages.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a) Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in the amount to be proved at trial, punitive damages, and prejudgment interest thereon;

b) Granting Plaintiff costs and an award of reasonable attorneys' fees (including expert witness fees); and

c) Award any other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully Submitted:

**/s/ Zane A. Herman**
Zane A. Herman
Florida Bar No.: 120106
Spielberger Law Group
4890 W. Kennedy Blvd., Suite 950
Tampa, Florida 33609
T: (800) 965-1570 ext. 105
F: (866) 580-7499
zane.herman@spielbergerlawgroup.com

*Counsel for Plaintiff*